Curia, per

Earle, J.
When this motion was made in the Circuit Court, I thought there was something in it more entitled to consideration than I now find. I learn, on conferring with my brethren, and also from the bar, that this form of verdict is in very general use, and that it has not heretofore been questioned. So many rights have become vested under this form, that it would bo extremely prejudicial to shake it, even if there were greater difficulty on the ground of principle than I think there is.
A verdict must find the fact in issue; and if for the plaintiff, must assess his damages, if they be the subject of the action. It is said in Com. Dig. Pleader, “the verdict must find the fact clear to a common intent;” and elsewhere that “certainty to a common intent is sufficient.” It would be idle here to enter into the distinctions between the different kinds and degrees of certainty required in pleading, which a learned Ch. *282 Justice, in England, once denominated “senseless jargon.” It will be enough if the verdict here shall be found sufficiently certain to enable the Court to render judgment upon it.
See Sup. 302. An.
Note.—In Harrison vs. Allen, (2 Bing. 4,) the verdict was for £196, with interest from March, 1819, and no objection taken in point of form; and the same form of verdict will he found in 4 Munf. 37, without exception, although there was an appeal on other grounds.
Reporter.
It is said, (Com. Dig.) “A verdict is bad in ejectment for four acres of land, if it find the defendant guilty of eight pieces of land, without other certainty; and in an action on a penal statute, which gives a penalty for every offence, if it find the defendant guilty, contrary to the statute, but do not say how often he is guilty.” If the jury, in the former case, had found the quantity in each of the eight pieces of land, or in the latter how often the defendant was guilty, the Court might have given judgment, for the means of removing the uncertainty would have been furnished. So in Windham’s case, decided this term, a verdict of guilty only, on an indictment against the defendant, for stealing twenty head of cattle, was held to be bad. Suppose an action qui tarn were given in such a case, and on the trial the jury should find for the plaintiff, and that the defendant stole ten head of cattle ; the amount of the recovery is rendered certain enough; and the Court would only direct the clerk to compute the sum from the finding of the jury.
The objection here is, that the demand of the plaintiff was not liquidated ; that the jury could only give interest by way of damages, and they have not so allowed it. The case was one in which it was clearly proper that interest should be allowed The jury have found for the plaintiff on the issue, and although they have not assessed a specific sum for his entire damages, yet they have furnished certain data by which the Court can, with the same facility, ascertain the amount, as in the case of a promissory note, on which there is judgment by default, and it is referred to the clerk to compute. They have ascertained and assessed the sum for which the defendant was liable, on the 16th February, 1836, from which date they *allow interest, and the Court has only to direct the clerk to compute the interest.
This Court perceives no sufficient ground to set aside the judgment, although it is a more regular and better practice to find a round sum ; where the demand is not liquidated. Motion refused.
In the other cases against the securities, the same motion was made and likewise refused.